IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

SHAMARRI TACHE BROOKS AND
MORGAN DAVIS-VAULS

Criminal Action No.

1:25-cr-549-VMC-CCB

## CONSENT PROTECTIVE ORDER FOR DISCOVERY MATERIALS

**WHEREAS** the discovery materials provided and otherwise made available to the Defendants by the United States in this case are voluminous, and contain potentially sensitive information—specifically, names, dates of birth, phone numbers, social security numbers, addresses, bank account numbers, and credit and bank card account numbers;

**WHEREAS** redaction of all sensitive information in this voluminous production would be unduly burdensome, and would be subject to error given the volume of documentation involved in this case;

**THEREFORE, IT IS HEREBY ORDERED** pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that:

1. Any and all materials and information provided by the United States to the Defendants (hereinafter referred to in this Order as "discovery") are to be used by the Defendants and defense counsel solely for the purpose of allowing the Defendants to prepare a defense. The Defendants, defense counsel, and members

of the defense teams shall not disseminate, disclose, or provide discovery to anyone who is not necessary to the preparation of the defense.

2. That defense counsel may provide copies of the discovery materials to the defendant for him/her to retain and review, provided that defense counsel confirms the defendant's agreement to be bound by the terms of this Order and notifies the defendant of the potential consequences of violating this Order, which may include additional criminal charges and any other penalties and actions deemed appropriate by the Court. The defendant must secure the discovery materials in a location where other individuals would not have access to the materials. The defendant may not disseminate or produce copies of any of the discovery materials to another individual.

3. That defendant(s) may take notes of the contents of the discovery materials, but those notes are subject to the same anti-dissemination prohibitions as the original document used to make those notes. The defendant must secure any notes in a location where other individuals would not have access to them.

4. All discovery provided by the United States, regardless of whether such materials and information have already been produced or will be produced in the future, and regardless of whether such materials and information have or will be produced under Rule 16 of the Federal Rules of Criminal Procedure or otherwise, shall not be further disseminated by the Defendants or defense counsel to any individual, organization, or other entity, other than: (i) members

of the defense teams, e.g., co-counsel, paralegals, investigators, litigation support personnel, and secretarial staff; (ii) any experts or consultants retained to assist in the preparation of the defense; and (iii) the Court, unless the sensitive information identified herein is redacted from such materials and information. Upon any dissemination of the materials and information containing the sensitive information identified herein, defense counsel will inform the recipient of this Order and the requirement to maintain the confidentiality of the information conveyed.

5. Defense counsel, any co-counsel, and any investigators may display copies of any discovery containing the sensitive information identified herein to non-expert witnesses, if it is determined that it is necessary to do so for the purpose of preparing the defense of the case, and may do so without any notice to the United States. Defense counsel may also provide copies of discovery documents to a witness in advance of meeting with that witness, so long as the witness agrees that she will not disseminate the documents, and so long as defense counsel retrieves all copies of the documents from the witness subsequent to the meeting.

6. If defense counsel desires to disclose, make available, or otherwise communicate the contents of discovery containing the sensitive information identified herein to any person not authorized in this Order, the Government's counsel must first be so advised and the parties must seek to reach an agreement

3

on the matter. If an agreement cannot be reached, defense counsel shall apply to the Court for relief from this Order.

**7.** Notwithstanding the restrictions in this Order, defense counsel may prepare redacted versions of discovery materials that remove all "sensitive information" and provide such redacted versions to non-expert witnesses without the requirement that defense counsel comply with the additional restrictions on dissemination and retrieval set forth in this Order.

8. This Order solely governs the Defendants' and defense teams' use of documents produced in this action from the United States. This Order does not limit the Defendants' and defense teams' use of documents that they already possess prior to receiving discovery or might obtain through other means.

9. This Order shall survive the final termination of this action.

**IT IS SO ORDERED**, this _21st_ day of January, 2026.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

4

Prepared by:                              Consented by:

/s/ Jessica Morris                        /s/ Ashley Martin
Jessica Morris                            Ashley Martin
Assistant United States Attorney          Federal Defender Program, Inc.
Ga. Bar No. 100907                        *Counsel for Morgan Davis-Vauls*
75 Ted Turner Drive SW, Suite 600
Atlanta, Georgia 30303                    /s/ David O'Neal
                                          David O'Neal
                                          *Counsel for Shamarri Tache Brooks*

(Electronically signed with counsels' explicit permission)